

May 20, 2022

The Honorable Kate M. Menendez
United States District Court
8E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
menendez_chambers@mnd.uscourts.gov

Re:  BMO Harris Bank N.A. v. Kenneth Kuskie, John Stedman, Susan Stedman and Curtis A. Hayes v. Capitol Sales Company, Inc.
United States District Court, District of Minnesota Case No. *0:22-cv-00435-KMM-TNL*

Dear Judge Menendez:

I write in response to the Court's request for a letter explaining Defendant Hayes' decision not to join in the stipulation for leave to file the amended complaint.

BMO Harris Bank NA's ("BMO") counsel reached out to Defendant Hayes' counsel and asked for our stipulation for leave to amend the complaint. BMO's counsel represented the new allegations did not affect the allegations against Defendant Hayes. However, the new factual allegation did impact the allegations against Defendant Hayes. Specifically, in the First Amended Complaint sent to Defendant Hayes, BMO alleged that:

> 14. The Transfers were not authorized, not approved and not assented to in any way, shape or form by the board of directors of Capitol Sales. (See First Amended Complaint send to Hayes' counsel on May 6, 2022).

Upon receiving the First Amended Complaint, I asked BMO's counsel what their good faith basis was for the new factual allegations. BMO's counsel responded, "during the meet and confer with counsel for the other Defendants, we were informed that none of the shareholders were members of the board of directors and that none of them were officers either." (May 6, 2022 email from Doug Moran). Because I had documents evidencing the contrary, I responded by attaching documents showing that Ken Kuskie and John Stedman were both on the board of directors of Capitol Sales. (See May 6, 2022 Smalley-Fleming email, attached as **Exhibit 1**.)

BMO's counsel did not respond to my email or the documents demonstrating Mr. Stedman's and Mr. Kuskie's board of director status. Instead, counsel for BMO modified the First Amended Complaint by removing paragraph 14 and simply making the same allegations in the counts pertaining to the other defendants. (See Stipulation for Leave to File First Amended Complaint

Page 2

and to Withdraw Motions to Dismiss Without Prejudice, attached as **Exhibit 2**; and First Amended Complaint, attached as **Exhibit 3**.) Defendant Hayes was not provided with the version that was filed prior to its filing.

Since there are documents showing Mr. Stedman and Mr. Kuskie were on the board of directors and the allegations demonstrate they received the distributions without objection, there is an insufficient factual basis for the proposed amendments claiming the distributions were made without the authorization of the board.

Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted) ("A district court's denial of leave to amend a complaint may be justified if the amendment would be futile."). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, in reviewing a denial of leave to amend we ask whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard ...." *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010) (citation and marks omitted); *see also In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) ("[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion.").

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* More commonly, and as *Iqbal* emphasized, courts should not accept the truth of factual allegations that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Twombly*, 550 U.S. at 555. Thus, at the very least, a complaint should have sufficient factual basis and the attorneys should have a reasonable basis to believe evidentiary support will exist after investigation or discovery. (See also Fed. R. Civ. Pro. 11).

Though Defendant Hayes has shared the evidence showing both Mr. Kuskie and Mr. Stedman were the sole directors of Capitol Sales, BMO continues to allege they never approved money they received and accepted. Therefore, we believe that BMO does not have good-faith factual support for the proposed amended allegations and that leave to amend should be denied.

Page 3

Best regards,

FREDRIKSON & BYRON, P.A.

*s/ Sandra Smalley Fleming*
Telephone: (612) 492-7497
Email: ssmalleyfleming@fredlaw.com

Cc: All counsel of record via e-service