UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BMO Harris Bank N.A., | Case No. 22-cv-00435 (KMM/TNL) |
| Plaintiffs, | |
| v. | |
| Kenneth Kuskie, John Stedman, Susan Stedman and Curtis A. Hayes, | **ORDER** |
| Defendants. | |
| v. | |
| Capitol Sales Company, Inc. | |
| Third-Party Defendant. | |

On January 4, 2023, this Court issued an Order granting in part and denying in part several motions to dismiss that had been filed by the parties in this matter. [Dkt. No. 100.] On January 17, 2023, Capitol Sales filed a Suggestion of Bankruptcy, advising the Court that it had filed for Chapter 7 bankruptcy on December 27, 2022, and noting the operation of the required automatic stay that results from that filing. [Dkt. No. 102.] In addition, Capitol Sales' letter contained factual updates regarding this matter, and sought clarification of this Court's January 4, 2023 order in one respect. Specifically, Capitol Sales urges the Court to agree that, while it could deny the Motion to Dismiss with respect to Mr. Hayes's claim seeking advancement of legal fees pursuant to Minn. Stat. § 302A.521, it was not appropriate for the Court to assume that Capitol Sales had approved the advancement while the motion

1

was pending and to, in the alternative, Order the payment of fees if it had not done so yet. [*Id.*] Capitol Sales attached to its letter a report from its counsel supporting its conclusion that Mr. Hayes is not entitled to advancement of fees in this case. [*Id.*]

On January 18, 2023, Curtis Hayes filed a letter responding to Capitol Sales' filing. [Dkt. No. 103.] Mr. Hayes does not address the bankruptcy stay. Instead, he disputes that Capitol Sales timely responded to his request for advancement and also argues that the Court should not consider the report from the company's special counsel. [*Id.*] Mr. Hayes states that he intends to make a motion to compel the advancement of his fees in the future. [*Id.*]

### Advancement of Legal Fees

The Court agrees that a portion of its January 4, 2023 Order went too far. The Court properly denied Capitol Sales' Motion to Dismiss Mr. Hayes' claim for advancement of legal fees. However, the Court believed, based on the briefing, that Capitol Sales' only opposition to the advancement of those fees was based on timing, and the initial failure of Mr. Hayes to comply with the technical requirements of Minn. Stat. § 302A.521 in requesting those fees—the record demonstrated that those particular concerns were now past. It is clear now that Capitol Sales also opposes advancement of fees on the merits, arguing that Mr. Hayes fails to meet several provisions of the statute that gives rise to his claim. And the Court agrees that those merits were not before the Court in the motions to dismiss. Indeed, Mr. Hayes does not appear to disagree that other provisions of the statute require attention from the Court prior to ordering the payment of fees. Mr. Hayes's letter advises the Court that he intends to file a motion to compel the advancement of fees after conducting some discovery. The

Court therefore strikes from its earlier order the requirement that Capitol Sales advance the demanded fees immediately.

**Bankruptcy Stay**

The Court also agrees that this litigation must be stayed as to Capitol Sales: the stay in this case is mandatory.  11 U.S.C. § 362(a)(1); *Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 503 (1986) (describing the automatic stay provision of the Bankruptcy Code as "one of the fundamental debtor protections").  Although Mr. Hayes states an intent to conduct discovery and file additional motions, including a motion for advancement of legal fees, doing so as to Capitol Sales must wait until the stay is lifted.  The issue is not that Mr. Hayes missed a deadline for filing his motion, as his letter suggests, but that such a motion cannot be considered while the stay is in place.

Finally, the parties are ordered to file a letter on or before April 19, 2023, updating the Court regarding the bankruptcy proceedings and advising whether it is yet appropriate to lift the stay.

Date: January 19, 2023

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge

3