## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BMO Harris Bank N.A.,

                    Plaintiffs,

v.

Kenneth Kuskie, John Stedman, Susan
Stedman and Curtis A. Hayes,

                    Defendants.

v.

Capitol Sales Company, Inc.

                    Third-Party Defendant.

Case No. 22-cv-00435 (KMM/TNL)

**ORDER**

On January 4, 2023, this Court granted in part and denied in part several motions to dismiss that had been filed by the parties in this matter.  [Dkt. No. 100.]  On January 17, 2023, Third-Party Defendant Capitol Sales Company, Inc. advised the Court that it had filed for Chapter 7 bankruptcy on December 27, 2022.  [Dkt. No. 102.]  Subsequently, the Court filed an order on January 19, 2023 agreeing that the litigation must be stayed as to Capitol Sales pursuant to the automatic stay provision of the Bankruptcy Code and directing the parties to file a letter by April 19, 2023 with updates regarding the bankruptcy proceedings. [Dkt. No. 104.]

On February 1, 2023, Plaintiff BMO Harris Bank, N.A. moved the Court to alter or amend its previous order and dismiss the fraudulent transfer claims against the shareholders

without prejudice and grant BMO leave to file a proposed Second Amended Complaint. The Court took that motion under advisement.

On May 8, shareholder Kenneth Kuskie, shareholder John Stedman, BMO, and former Capitol Sales officer Curtis Hayes each filed letters regarding recent developments in the Capitol Sales bankruptcy proceedings. [Dkt. Nos. 132, 133, 134, 136.] These letters advised the Court that the Chapter 7 Trustee indicated he believes BMO's fraudulent transfer claims against the shareholders, and perhaps the fiduciary duty claims as well, belong to the estate.[1] Mr. Kuskie asked the Court to deny BMO's pending motion on that basis; Mr. Stedman asked the court to defer ruling on the pending motion; BMO asked the Court to stay the fraudulent transfer claims, and Mr. Hayes asked the Court to stay the entire matter, including the claims against him. Shareholder Susan Stedman also filed a letter on May 9 expressing her support for staying the claims against the shareholders. [Dkt. No. 137.]

The Court finds that the interests of judicial economy and efficiency support staying all proceedings in this case. The claims against Capitol Sales have already been stayed pursuant to the automatic stay. *See* 11 U.S.C. § 362. The parties appear to agree that at a minimum, BMO's fraudulent transfer claims are property of the bankruptcy estate. Causes of action that the debtor could have brought "belong to the debtor—and by extension, the trustee," and not to individual creditors. *Ritchie Special Credit Invs., Ltd. v. JPMorgan Chase &*

---

[1] BMO's letter stated that the trustee has not said the same about the breach of fiduciary duty claims, but Mr. Stedman's letter suggests the trustee believes those claims may also belong to the estate.

*Co.*, 48 F.4th 896, 899 (8th Cir. 2022) (affirming dismissal of fraudulent transfer and aiding-and-abetting fraud claims brought by an individual creditor); *see also In re Spiech Farms, LLC*, 603 B.R. 395, 403 (W.D. Mich. 2019) ("Courts generally recognize that where causes of action are nothing more than disguised claims for fraudulent transfers and breach of fiduciary duties, they belong to the estate.").  Not only do creditors lack standing to pursue claims that belong to a bankruptcy trustee, *Ritchie*, 48 F.4th at 899, those claims are also subject to the automatic stay, which applies to "any act to . . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  Accordingly, the fraudulent transfer claims are subject to the automatic stay.  To the extent an argument can be made that the other claims are not automatically stayed, the Court finds they are so intertwined with the other claims as to make proceeding on them at this stage unworkable. The Court exercises its discretion to stay all proceedings in this case.

The parties are required to submit letters every six months, beginning December 1, 2023, regarding the progress of the ongoing bankruptcy proceedings.  In addition, within two weeks of the conclusion of the bankruptcy proceedings, counsel must file a final update. The stay shall remain in place until further order of the Court.


Date: May 12, 2023

 *s/Katherine Menendez*
Katherine Menendez
United States District Judge